UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABSHIR HASAN AREYS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, UR JADDOU, and CHRISTINE LUJAN,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-02104-JES-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

Presently before the Court is Plaintiff Abshir Hasan Areys' ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion"). ECF No. 2. Plaintiff filed a Petition for Writ of Mandamus on November 8, 2024. ECF No. 1.

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir.

1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff's IFP application fails. While Plaintiff reports his average monthly expenses and dependence on Cal and Pell grants, he fails to report exactly how much he receives from those grants. Additionally, Plaintiff lists a Toyota 2005 Camry as an asset, but fails to report the value of the vehicle. It is not enough for Plaintiff to state that he is an unemployed undergraduate student and "depend[ent] on Cal grants and Pell grant [*sic*]." He must list all sources of financial aid, as well as the amount and frequency in which he receives it, and he must report the value of all assets he owns. The Court is unable to assess whether to grant IFP status or not without this information.

In sum, the Court is unable to determine from the IFP application whether Plaintiff qualifies for IFP status. Accordingly, the Court **DENIES** Plaintiff's IFP Motion **without prejudice**. Plaintiff is given **fourteen (14) days** from the date of this Order to either (1) pay the entire $405 filing fee; or (2) filed a renewed motion to proceed IFP that addresses the concerns identified in this Order. Should Plaintiff elect the latter option, he must submit a complete and accurate IFP application. If Plaintiff fails to timely comply with the requirements of this Order, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated:  November 21, 2024

Honorable James E. Simmons Jr.
United States District Judge