UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABSHIR HASAN AREYS,<br><br>         Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, UR JADDOU, Director of USCIS, and CHRISTINE LUJAN, Director of the Nebraska Service Center USCIS,<br><br>         Defendants. | Case No.: 3:24-cv-02104-JES-DDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 4]** |

Before the Court is Plaintiff Abshir Hasan Areys' ("Plaintiff") motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 4. For the reasons set forth below, the Court **GRANTS** the motion to proceed IFP.

### I.  BACKGROUND

On May 7, 2023, Plaintiff filed a I-130, Petition for Alien Relative ("Petition"), with U.S. Citizen and Immigration Services ("USCIS"), to help his wife and children immigrate to the United States. ECF No. 1 at 5. Plaintiff alleges that, about a year after submitting the Petition, Defendant asked for additional evidence to support his Petition. *Id.* At the time of

filing the complaint and 120 days since his request for evidence was received, Defendant has not made any decisions on his Petition. *Id.*

On November 8, 2024, Plaintiff filed the instant complaint for writ of mandamus. ECF No. 1. Plaintiff seeks relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, and asks the Court to order Defendants Alejandro Mayorkas, Ur Jaddou, Director of USCIS, and Christine Lujan, Director of the Nebraska Service Center USCIS (collectively, "Defendants"), to process his Petition.

## II.   LEGAL STANDARD

### A.   Motion to Proceed *in forma pauperis*

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F.Supp. 848, 850 (D.R.I. 1984).

### B.   Screening under 28 U.S.C. § 1915(a)

The Court screens complaints brought by persons proceeding pro se and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.   DISCUSSION

**A.   Motion to Proceed *in forma pauperis***

Plaintiff states that he is an unemployed undergraduate student pursuing a Bachelor of Science degree. ECF No. 4 at 5. He receives quarterly financial aid in the amount of $750.00 and receives $400.00 a month in gifts. *Id.* at 1-2. Plaintiff has $0 cash, $2000.00 in his checking account, and $86.00 in savings. *Id.* at 3. Plaintiff incurs monthly expenses including rent, utilities, food, clothing, laundry, insurance, and transportation totaling $740.00. *Id.* at 4. In addition, Plaintiff states he supports his family who live outside of the United States.

Upon review of Plaintiff's IFP application, the Court finds that Plaintiff has sufficiently shown that he is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

//

B.     **Screening under 28 U.S.C. § 1915(a)**

A writ of mandamus is proper for the purpose of "compel[ing] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The extraordinary remedy of mandamus ... will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602 (1984)). Plaintiff must show that (1) his "claim is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Lucatero v. United States INS*, 69 Fed. Appx. 836, 838 (9th Cir. 2003); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Importantly, a mandamus petition compelling an agency to execute nondiscretionary duties seeks the same relief afforded by the APA. *R.T. Vanderbilt Co. v. Babbit*, 113 F.3d 1061, 1065 (9th Cir. 1997) (recognizing "mandamus relief and relief under the APA are 'in essence' the same ..."). Therefore, courts can analyze a mandamus claim through an APA framework if the APA provides an adequate remedy.

Here, Plaintiff seeks the same outcome under both statutes: for this Court to compel Defendants to process his I-130 petition, so that he can be reunited with his wife and children who live abroad. ECF No. 1 at 5. Because Plaintiff's request under the Mandamus Act and APA are the same, the Court finds that the latter provides an adequate remedy for all of Plaintiff's claims and employs an APA analysis accordingly. The APA requires administrative agencies to adjudicate "matter[s] presented to [them]" within a "reasonable time." 5 U.S.C. § 555(b). When an agency fails to execute this duty, a "reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To evaluate whether such a delay is unreasonable, the Court applies the six "*TRAC*" factors, named after the balancing test, announced in *Telecomms. Rsch. & Action Ctr. ("TRAC") v. F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). *In re A Cmty. Voice*, 878 F.3d 779, 783-84 (9th Cir. 2017) (citation omitted). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (quoting *TRAC*, 750 F.2d at 80).

The Court has conducted a preliminary review of Plaintiff's complaint. It is not clear from the face of the complaint whether the delay in adjudicating Plaintiff's I-130 petition was unreasonable under the factors set forth in *TRAC*. However, the Court preliminarily assesses that Plaintiff's complaint states a cognizable claim. Accordingly, the Court finds that the complaint survives § 1915 screening.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 4, is **GRANTED**.

**IT IS SO ORDERED**.

Dated:  December 11, 2024

Honorable James E. Simmons Jr.
United States District Judge